**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ELDO A. TACORONTE,**

       **Plaintiff,**

**v.**                                                                      **CASE NO. 6:12-cv-1594-Orl-19GJK**

**TRIDENT ASSET MANAGEMENT, LLC,**

       **Defendant.**

_____

**ORDER**

This case comes before the Court upon periodic review.  On October 23, 2012, Eldo A. Tacoronte ("Plaintiff") filed a Complaint against Trident Asset Management, LLC ("Defendant") asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Report Act ("FCRA"), and the Florida Consumer Collection Practices Act.  (Doc. No. 1.)

On November 14, 2012, the Court issued an Order to Show Cause why Plaintiff has failed to comply with the Court's Orders of October 24, 2012 directing counsel to review and certify compliance with Local Rule 1.04(d) and to file a Certificate of Interested Persons and Corporate Disclosure Statement.  (Doc. No. 5.)  That same day, Plaintiff filed a Certificate of Interested Persons and Corporate Disclosure Statement and a Notice of Pendency of Related Cases in accordance with Local Rule 1.04(d).  (Doc. Nos. 6, 7, filed Nov. 14, 2012.)  Defendant filed its Answer and Affirmative Defenses on November 30, 2012.  (Doc. No. 9.)

On March 18, 2013, the Court issued another order for Plaintiff to show cause why the case should not be dismissed under Local Rule 3.01(a) for lack of prosecution due to the failure to file a Case Management Report within the time prescribed by Local Rule 3.05.  (Doc. No. 17.)  The

-1-

Order to Show Cause warned that the failure to respond within fourteen days from the date of the

Order to Show Cause "shall result in dismissal of this action without further notice from the Court."

(*Id.*)

Plaintiff has failed to timely file a response to the Order to Show Cause. A plaintiff has a

duty to prosecute his or her case, and a plaintiff's failure to prosecute, to comply with the Federal

Rules of Civil Procedure, or to comply with a court order may result in dismissal of the case. FED.

R. CIV. P. 41(b); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991) (internal citation omitted)

(finding that a federal court may act *sua sponte* to dismiss a suit for failure to prosecute); LOCAL

RULE 3.10 (noting that when it appears a case is not being diligently prosecuted, the court may enter

an order to show cause why the case should not be dismissed, "and if no satisfactory cause is shown,

the case may be dismissed by the Court for want of prosecution"). Here, Plaintiff has not filed a

response to the Order to Show Cause or a Case Management Report with the Court. Plaintiff was

warned that failure to timely file a response to the Order to Show Cause would result in dismissal

of this action without further notice of the Court. For these reasons, the case is **DISMISSED**

without prejudice, and the Clerk of the Court is directed to close the case.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on April ___11___, 2013.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies Furnished To:
Counsel of Record